**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4941**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY GIBSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Mary G. Lewis, District Judge. (4:18-cr-00964-MGL-1)

Submitted: October 30, 2020                         Decided: November 16, 2020

Before WYNN and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elizabeth A. Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gregory Gibson of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e), and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D). The district court sentenced Gibson to a total term of 262 months' imprisonment. On appeal, Gibson argues that the district court erred in applying a two-level obstruction of justice enhancement in the calculation of his Sentencing Guidelines range. He also contends that the district court plainly erred in admitting law enforcement officers' testimony that, upon their discovery of drugs in his vehicle, Gibson stated, "I'll never see the streets again." We affirm.

Addressing Gibson's evidentiary claim first, we note that our review is for plain error because trial counsel did not object to the officers' testimony at trial. *See United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016) (applying plain error review to unpreserved challenge to admissibility of character evidence). Under the plain error standard, we "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

Gibson asserts on appeal that the officers' testimony that he said, "I'll never see the streets again," constitutes improper character evidence because it indicated to the jury that Gibson had a lengthy criminal record such that he was more likely to be guilty of the instant charges. "Evidence of a crime, wrong, or other act is not admissible to prove a person's

2

character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Thus, "Rule 404(b) allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017).

"To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the general character of the defendant, (2) necessary to prove an essential claim or element of the charged offense, and (3) reliable." *Id*. Moreover, Federal Rule of Evidence 403 "demands that the evidence's probative value not be substantially outweighed by its unfair prejudice to the defendant." *Id*. at 247. Rule 404(b), however, "does not affect the admission of evidence that is intrinsic to the alleged crime," and "[e]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020) (internal quotation marks omitted).

Here, the challenged testimony is not evidence of Gibson's prior bad acts or his character and was not offered to establish his predisposition toward criminal behavior. Rather, the testimony tends to establish Gibson's consciousness of guilt, his knowledge of the contraband in his vehicle, and the absence of mistake or accident. Accordingly, we

3

conclude that Gibson fails to establish that the district court erred, plainly or otherwise, in admitting the officers' testimony regarding Gibson's statement.

Turning to Gibson's sentencing claim, we review a sentence imposed by a district court for reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing whether a sentencing court properly calculated a Sentencing Guidelines range, including its application of a sentencing enhancement, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018); *United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015). Under this standard, we will not reverse a district court's factual findings simply because we would have reached a different result. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). Instead, we will reverse only if "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

A defendant is subject to a two-level sentencing enhancement when he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S. Sentencing Guidelines Manual § 3C1.1 (2018). "Where the enhancement for obstruction of justice is based on a defendant's perjurious testimony, trial court findings should encompass the factual predicates for perjury, namely that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *Andrews*, 808 F.3d at 969 (internal quotation marks omitted); *see United States v. Dunnigan*, 507 U.S. 87, 95 (1993). We have reviewed the record and conclude

4

that the district court did not clearly err in finding that Gibson lied at trial when he denied previously carrying a firearm.

Moreover, a Sentencing Guidelines error is harmless—and, thus, does not warrant reversal—if "the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (alterations and internal quotation marks omitted). Here, in calculating Gibson's Guidelines range, the district court did not rely on Gibson's adjusted offense level of 30 to which the obstruction enhancement had been applied, but instead found that Gibson was a career offender subject to an offense level of 34 pursuant to USSG § 4B1.1(b)(2). Thus, the district court would have reached the same Guidelines range even if it had upheld Gibson's objection to the obstruction enhancement.

As for the second prong of the harmless error inquiry, we review the substantive reasonableness of a sentence by considering "the totality of the circumstances." *Gall*, 552 U.S. at 51. We apply "a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*. at 357-58 (internal quotation marks omitted). There is no evidence in the record to overcome the presumption of reasonableness accorded Gibson's within-

5

Guidelines sentence. Accordingly, even if the district court erred in upholding the obstruction enhancement, we conclude that such error was harmless.

Based on the foregoing, we affirm the judgment of the district court. Because Gibson is represented by counsel and this appeal is not submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967), we deny Gibson's motions for leave to file pro se supplemental briefs. *United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*